## OGDEN *a.* ROLLO.

*Supreme Court, First District; General Term, Sept.,* 1861.

COMPLAINT.—LIABILITY OF TRUSTEES OF MONEYED CORPORATIONS.

A complaint against a trustee of a moneyed corporation, seeking to make him personally liable for a debt of the corporation, under 1 *Rev. Stat.*, 592, § 10, is bad on demurrer, if it shows that the wrongful acts of the defendant were committed before the corporation incurred any obligation to the plaintiff.

Appeal from an order overruling a demurrer.

---

* Present, GOULD, HOGEBOOM, and PECKHAM, JJ.

This was an action brought by the plaintiff as a creditor of an insurance company, and seeking to hold the defendant, who had been one of their trustees, liable personally for his claim against the company, on the ground of negligence and mismanagement on the part of the trustees. The complaint will be found appended to our report of Andrews *a.* Murray (9 *Ante*, 8). The defendant demurred to each statement of the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled at special term.

*E. W. Chester*, for the appellant.—I. The act charged, that defendant being present, the board of trustees made dividends to the persons holding policies of the corporation which were not made from surplus profits, is not in violation of the statute, the dividend forbidden being one among stockholders and not among creditors. There is no pretence in the complaint that this is a mutual insurance company.

II. The presence of the defendant does not make him liable. He must himself violate the act or be concerned in its violation. He cannot be made liable by his mere presence. (§ 10.)

III. The alleged assignments made by the board in clause four of the complaint, do not constitute a cause of action against the defendant. 1. Because not alleged to have been made between the 15th of September, 1855, and 1st of July, 1856, nor while defendant was a member of the board. 2. Because no such assignment, &c., is charged as forbidden by section 8, and as made void by section 9. 3. Because it is not alleged that defendant did the act or was concerned in it, that he voted for it or did not vote against it, nor in fact that he had any vote. 4. Because it is not alleged that plaintiff was then a creditor.

IV. The second count fails to set forth the necessary facts to constitute a cause of action. An insolvency of the corporation, however caused, does not give a right of action against an individual director, under any statute of the State existing at the time mentioned in the complaint, to recover what he may lose or fail to get by reason of that insolvency.

V. None of the acts or neglects charged against the defendant as having produced the insolvency, give, under this statute, or any other statute, a right of action to recover by a creditor of the company his loss of a director.

*Gilbert Dean*, for the respondent.—I. The demurrer is not well taken. The plaintiff being a creditor of the corporation, the defendant was a trustee for him, and for each several creditor, and liable to each creditor in an individual action. 1. The International Insurance Company was a moneyed corporation. (1 *Rev. Stat.*, 598, § 51; 5 *Seld.*, 593.) 2. The defendant, though called a trustee, was within the provisions of the statute. (§ 53.) 3. By the statute, it was not necessary to join any other trustee, each one being made liable to the full extent of the loss. (1 *Rev. Stat.*, 591; 6 *Hill*, 571.)

II. The general principles involved in sustaining the liability of the defendant have been established by repeated adjudications, both in this country and in England. (4 *London Jurist, N. S.*, 1068, 1069; Cross a. Sackett, 6 *Abbotts' Pr.*, 247; Mead a. Mali, 15 *How. Pr.*, 347; National Express Co. a. Drew, 32 *Eng. Law and Equity*, 1, 4, 10; Robinson a. Smith, 3 *Paige*, 222; 3 *Kern.*, 114; 4 *Seld.*, 312; 3 *Comst.*, 156.)

III. The defendant cannot, on a general demurrer, raise any question as to the joinder of parties, or of causes of action. The point is only,—admitting all the facts stated to be true,—do they constitute a cause of action? (*Code*, §§ 144, 145, 148.)

IV. A *cestui que trust* can always maintain an action against a trustee for any violation or neglect of duty, whereby the beneficiary has sustained a loss.

BY THE COURT.—SUTHERLAND, J.—The complaint purports to contain two causes of action. The 1st, 2d, 3d, 4th, and 5th clauses of the complaint contain the first alleged cause of action, and the 6th clause the second alleged cause of action.

I think there is a fatal defect in both counts, or in stating both alleged causes of action, in this: that it is not alleged, nor does it appear, that the plaintiff was a creditor of the corporation at the time the wrongful acts and violation of law complained of are alleged to have been done or committed.

The theory of both counts is, that the wrongful acts complained of caused the insolvency of the corporation, and that the plaintiff became a creditor after such insolvency had been so caused, and that he has sustained loss by reason of such insolvency.

The first count alleges that the unlawful acts were committed,

or suffered, between the 15th September, 1855, and the 1st day of July, 1856; and that such acts caused the insolvency of the corporation prior to said 1st day of July, and that the plaintiff is, and was, on the 1st day of July, 1856, a creditor of said corporation. It is not even alleged that the defendant was a trustee when the plaintiff became a creditor.

The second count alleges that the insolvency of the corporation was caused by certain wrongful acts of the defendant, in conjunction with other trustees; but it also alleges that the corporation was insolvent when the plaintiff's vessels were insured, and when the corporation became liable to the plaintiff on said insurance for a loss.

The theory of the whole complaint is, that certain wrongful acts done, permitted, or suffered by the defendant as a trustee, in conjunction with the other trustees, between certain dates named, caused the insolvency of the corporation; that the plaintiff became a creditor of the corporation when it was so insolvent; and he really claims to recover for a loss suffered because he gave credit to or became an insurer in an insolvent company. If the corporation was insolvent when he insured or became a creditor, on a loss, or otherwise, it is plain to me that he must charge his loss to the insolvency, and not to the wrongful acts complained of which caused the insolvency. Not being a creditor when the wrongful acts were committed, or suffered, he cannot be said to have been directly injured by them. The loss or injury he complains of is too remote to be charged to the wrongful acts complained of.

Without examining any other point raised by the defendant's demurrers, I think the judgment below should be reversed, and that the defendant should have judgment on the demurrer, with liberty to plaintiff to amend his complaint in twenty days, on payment of costs.

CLERKE, P. J., concurred.

LEONARD, J., dissenting.—I do not concur as to the second count.

The defendant's acts caused an insolvency. He was a trustee. The averment of these facts supersedes the necessity to aver defendant's knowledge of the insolvency.

·After the commission of these acts, causing insolvency, while he was a trustee, the public and the plaintiff being ignorant of the insolvency, the defendant suffered the company, through its officers, to hold itself out as solvent, and caused the plaintiff to receive and rely on its contract of indemnity, whereby an injury was sustained.

The second count is sufficient as an action on the case.

I concur as to the first count. The party complaining must be a creditor, or have a contract on which he may become a creditor, when the violations of law complained of occur. The first count is defective in not so alleging.

## MORA *a*. THE SUN MUTUAL INSURANCE COMPANY.

*New York Superior Court; Special Term, September,* 1861. .

SPECIAL MOTION.—INTERLOCUTORY COSTS.—PREVAILING PARTY.

Section 15 of chap. 386 of the Laws of 1840, which provides that where an uncon-ditional order is made, upon special motion, for the payment of any sum of money, a precept may be issued to enforce the payment—and § 3 of ch. 390 of the Laws of 1847, allowing process in the nature of a *fieri facias* against personal property, to be issued for the collection of interlocutory costs in certain cases,— do not authorize the issuing of process to collect the costs awarded on sustaining a demurrer to part of an answer.*

* The following cases arising under the statutes above referred to, further illus-trate the subject.

The act of 1840 (*Laws of* 1840, 333, ch. 386, 15) does not authorize a precept to collect costs of an application for judgment on the pleadings, but only to collect the costs of motions strictly so called. (Wesley *a*. Bennett, 6 *Abbotts' Pr.*, 12.)

A precept issues as of course to collect costs given for appearing to oppose a motion noticed but not made. (1845, Herring *a*. Hallenbeck, 1 *How. Pr.*, 89.)

A charge of one dollar for a precept issued to collect costs, given on decision of a motion, cannot be allowed; all the costs are covered by the amount given on the decision of the motion. (1845, Spooner *a*. Frost, 1 *How. Pr.*, 192.)

Where judgment as in case of nonsuit, is granted absolute, the costs of the motion cannot be collected on a precept; they should be collected as the general costs are. (1846, Carroll *a*. Frazee, 2 *How. Pr.*, 93.)

Costs of opposing motion for a new trial after judgment entered, may be col-lected by precept, or the party may, at his election, make up a new record, and include them in it. (1846, Houghton *a*. Gardner, 2 *How. Pr.*, 144.)